IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| DAVID COSTELLO, | ) | |
| ELAINE COSTELLO, | ) | Bankruptcy No. 10-03385 |
| | ) | |
| Debtors. | ) | |

### ORDER RE: CONFIRMATION OF PLAN AND
### MOTION FOR RELIEF FROM STAY

This matter came before the undersigned on June 22, 2011 for final hearing on Confirmation of Debtors' Chapter 13 Plan and the Motion for Relief from Automatic Stay filed by Farmers Savings Bank. Debtors David and Elaine Costello were represented by attorney Don E. Gottschalk. Carol F. Dunbar appeared as Chapter 13 Trustee. Farmers Savings Bank was represented by attorney Sean K. Heitmann. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

### STATEMENT OF THE CASE

In their Chapter 13 plan, Debtors propose to sell real estate they use in their wrecking and towing business to pay related debt to Farmers Savings Bank. The Bank objects that the plan is not feasible and seeks relief from the stay to enforce its lien against the real estate. Trustee also objects that the plan does not meet feasibility standards.

### FINDINGS OF FACT

Debtors filed their Chapter 13 Petition on December 22, 2010 and filed their Chapter 13 Plan on January 17, 2011. Finding the plan was not confirmable at the initial confirmation hearing on March 9, 2011, the Court gave Debtors 30 days to file a modified plan. On April 7, 2011, Debtors filed a Status Report indicating they did not intend to modify their plan. The final hearing on confirmation of the original

plan was scheduled for May 18, 2011, and later rescheduled for June 22, 2011 after Debtors filed a Motion to Continue.

Trustee objects to confirmation of Debtors' Chapter 13 plan. She asserts the plan is not feasible as it will not pay priority and arrearage claims in full during the 60-month term of the plan. Farmers Savings Bank's arrearage claim is more than $50,000. Plan payments only total $26,640. The Bank asserts that Debtors' proposed monthly plan payment of $444 presumes they will continue to receive $550 in monthly rental income, but such income will no longer be available when Debtors sell the underlying real estate.

In paragraph 2 of the Chapter 13 Plan, Debtors propose the following treatment of the portion of Farmers Savings Bank's claim which is secured by business real estate and assets:

> The real estate at 413 G Ave. Grundy Center shall be sold as soon as possible and the net proceeds shall be paid to Farmers Savings Bank. If there is a balance left it shall be added to the mortgage on 1513 Cantebury Circle.

The 413 G Ave. real estate is the location of Debtor's wrecking and towing business. The 1513 Cantebury Circle real estate is Debtors' homestead.

At the hearing, the Bank indicated that Debtors are not delinquent with postpetition payments on the homestead loan which is documented in the Bank's Proof of Claim No. 14 in the amount of $124,116.58. Debtors have not made payments on two business loans, however, since September 2009. Both the business loans and the homestead loan are cross-collateralized with the homestead and the business real estate and assets. The Bank's Proofs of Claim No. 13 and 15, which document the two business loans, are in the amounts of $102,643.33 and $12,826.70, respectively.

Debtors state that they received a verbal offer and prepared documents to sell the wrecking business to a young man who wants to get into the business and has the support of his father. The buyer plans to show his lawyer the documents and has been trying to get financing from Valley Bank in Cedar Falls. The financing may be tied in with an SBA loan, which could cause some delays. Debtors stated they

have been trying to get top dollar for the business in order to pay Farmers Savings Bank. They plan to sell it at a fair price which they believe is more than the balance due on the business loans. The amount of the verbal offer does not appear in the record.

The Bank asserts that the balances due on the two loans related to the business and business real estate are higher than the value of the property. It seeks relief from the automatic stay to sell the business real estate pursuant to a prepetition foreclosure judgment. Debtors are concerned that a sheriff's sale will bring less than the balance due on the judgment. They argue that the amount they will get through the pending offer to purchase will pay off the entire amounts due. Debtors also note that the Bank's Proofs of Claims value the total collateral at $256,500 which is higher than the total amounts due on the three loans, $239,586.61.

## CONCLUSIONS OF LAW

One of the requirements for confirmation of a Chapter 13 plan is that "the debtor will be able to make all payments under the plan," i.e. the feasibility requirement. In re Wagner, 259 B.R. 694, 700 (B.A.P. 8th Cir. 2001); 11 U.S.C. 1325(a)(6). Debtors have the burden to prove the plan is feasible. Id.; see also In re Moffet, 2011 WL 1299468, *7 (Bankr. N.D. Iowa Mar. 31, 2011) (Collins, J.) (applying feasibility analysis to determine whether disposable income requirement was met).

The test for feasibility is whether "the things which are to be done after confirmation can be done as a practical matter under the facts." In re Lockard, 234 B.R. 482, 492 (Bankr. W.D. Mo. 1999) (Chapter 12 case), citing In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985). Projections of income necessary to fund a plan must not be speculative, conjectural or unrealistic. In re Fort Knox Mini Warehouse, Inc., No. 01-03493, 2002 WL 1842452, *6 (Bankr. N.D. Iowa Aug. 1, 2002) (Chapter 11 case.) When a debtor proposes a lump sum payment in a plan, "[a] definite declaration as to the source and the amount of funds necessary to enable the debtor to make the plan payments is required." Wagner, 259 B.R. at 700. In cases where the debtor proposes to fund payments from a sale of assets, courts look at the practicalities of whether the sale will be closed in a timely fashion, In re Soost, 290 B.R. 116, 131 (Bankr. D. Minn. 2003), and require immediate marketing of the

asset with possible trustee or other administrative oversight over the sale process. In re Newton, 161 B.R. 207, 217-18 (Bankr. D. Minn. 1993).

Feasibility is a fact question and requires a determination of the reasonable probability of payment.  Lockard, 234 B.R. at 492.  It must be "based on objective facts, not mere wishful thinking or pipe dreams."  Id.  To fund a plan through the sale of an asset, the plan must specify the terms for marketing the property, the listing price and the length of a listing agreement.  Newton, 161 B.R. at 217.  It should also incorporate a default remedy in the event the sale does not occur.  Id.

## ANALYSIS

Based on the record presented, the Court finds that Debtors have failed to prove their Chapter 13 plan is feasible.  The plan merely refers to the sale of the business real estate, but fails to specify the terms of the sale.  The amount and terms of payment for the pending offer to purchase are not evident in the record.  The plan does not include a default remedy to pay the Bank in the event the sale does not occur.  In summary, no objective facts have been presented which convince the Court that Debtors will be able to fund their plan as proposed through a timely sale of the business real estate and assets.

This case has been on file for more than six months without a confirmed plan. The plan on file is not feasible.  Debtors have been given multiple opportunities to modify the plan or finalize the sale, all to the detriment of the Bank which has not been paid on the business debt for almost two years.  The Court is convinced that Debtors are unable to propose a confirmable plan.  The delay in this case and lack of confirmable plan are grounds for dismissal under § 1307(c).

The Bank also seeks relief from the automatic stay under § 362(d) to enforce its foreclosure judgment.  The amount of equity Debtors have in the business real estate, if any, does not constitute grounds to deny the Bank relief from the stay in these circumstances.  The business property is not necessary for an effective reorganization, considering Debtors are attempting to sell it.  The Court concludes the Bank has shown sufficient cause for relief from the automatic stay based on the extended length of time the loan has been in default and Debtors' inability to propose a confirmable plan or timely sell the property.

**WHEREFORE**, confirmation of Debtors' Chapter 13 Plan filed January 17, 2011 is DENIED.

**FURTHER**, Debtors are given until July 29, 2011 to convert to Chapter 7 or this case will be dismissed.

**FURTHER**, Farmers Savings Bank's Motion for Relief from the Automatic Stay is GRANTED.

Dated and Entered:  July 12, 2011

                                   /s/ Paul J. Kilburg
                                   PAUL J. KILBURG
                                   U.S. BANKRUPTCY JUDGE